BADALAMENTI, Judge,
Concurring.
I concur with the majority’s well-reasoned conclusion that section 776.032(1), Florida Statutes (2008), immunizes Mr. Patel from the civil lawsuit brought by Mr. Kumar because Mr. Patel previously established Stand Your Ground immunity in a hearing held in connection with his criminal prosecution. I write separately to emphasize additional textual indicators within section 776.032 that inform my decision.
In my judgment, .the Florida Legislature spoke clearly in section 776.032 that it intended to modify the common law doctrines of res judicata and collateral estoppel so as to eliminate the common law’s *476 mutuality requirement. See McGhee v. Volusia County, 679 So.2d 729, 733 (Fla.1996) (explaining that “a statute will not be construed to modify the common law unless such intent is evident or the statute cannot otherwise be given effect”). The majority’s cogent analysis of the text of the statute, against the backdrop of the bedrock principles of separation of powers and due process, leads to -this conclusion.
In my view, the attorney’s fees and litigation expenses provisión set forth in subsection (3) of the Stand Your Ground immunity' statute provides additional textual guidance that the legislature intended for there to be but one Stand Your Ground immunity hearing, despite the lack of mutuality of the parties between a criminal prosecution and a civil lawsuit. Specifically, section 776.032(3) mandates that the “court shall award reasonable attorney’s fees, court costs, compensation for loss of income, and all expenses incurred by the defendant in defense of any civil action brought by a plaintiff, if the court finds that the defendant is immune from prosecution as provided in subsection (1).” (Emphasis added.) That is, a court “shall” award “all expenses” incurred by a defendant “in defense of any civil action brought by a plaintiff,” if there was a prior determination of Stand Your Ground immunity in a “prosecution,” where one of the parties — the State — was certainly not mutual to the parties to a civil action.
Although “prosecution” is not defined by the legislature within the Stand Your Ground section of chapter 776, it is difficult to imagine the legislature intended for it to mean anything but a criminal prosecution. In ordinary parlance, “prosecution” invokes in the common mind an understanding, of a criminal prosecution. This leads to the conclusion that the legislature dir rected that a civil court must give deference to a criminal court’s conclusion as to Stand Your Ground immunity prior to awarding civil litigation expenses and the like to the immunized defendant.
The text of section 766.032 yields but one logical statutory construction: the legislature intended that there be one Stand Your Ground immunity hearing, even though the parties to the subsequent civil action are different from the parties in the criminal prosecution. Had the legislature intended there be a separate hearing in a civil action, it would not have mandated the award of a defendant’s civil litigation expenses, “if the court finds that the defendant is immune from prosecution as provided in subsection (1).” § 766.032(3). Thus, in my judgment, subsection (3) of the Stand Your Ground immunity statute provides additional textual guidance as to the legislature’s intent for there to be only one Stand Your Ground immunity hearing and it thus abrogated the common law’s mutuality of parties’ requirement.